<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4028**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ANGEL MEDEL LORENZO,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., Chief District Judge.  (1:12-cr-00279-WO-1)

Submitted:  August 14, 2014          Decided:  August 21, 2014

Before WILKINSON, NIEMEYER, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North Carolina, for Appellant.  Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Angel Medel Lorenzo pleaded guilty pursuant to a plea agreement to one count of conspiracy to smuggle and attempt to smuggle firearms, ammunition and firearm accessories from the United States into Mexico, in violation of 18 U.S.C. § 371 (2012), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (2012). Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal but raising for the court's consideration whether Lorenzo's guilty pleas were knowing and voluntary and whether the court should have granted his motion to withdraw the pleas. Lorenzo has filed a pro se supplemental brief challenging the sentence. The Government did not file a brief. We affirm.

We have reviewed Lorenzo's guilty plea hearing and conclude that the district court fully complied with the requirements of Fed. R. Crim. P. 11. We also conclude that the district court did not abuse its discretion in denying Lorenzo's motion to withdraw his guilty plea. Accordingly, we affirm the convictions.

We review any criminal sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Rivera-

2

<u>Santana</u>, 668 F.3d 95, 100 (4th Cir. 2012). The first step requires that we ensure that the district court committed no significant procedural error such as failing to calculate (or improperly calculating) the Sentencing Guidelines range, treating the Guidelines as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range. <u>Gall</u>, 552 U.S. at 51; <u>United States v. Carter</u>, 564 F.3d 325, 328-29 (4th Cir. 2009). If we conclude that a sentence is free of significant procedural error, we then consider the substantive reasonableness of the sentence. <u>United States v. Lynn</u>, 592 F.3d 572, 575 (4th Cir. 2010).

Our review of the record shows no procedural error. We conclude that the sentence was procedurally and substantively reasonable. We have considered Lorenzo's challenges to his sentence and found them to be without merit. We note that the rule announced in <u>Alleyne v. United States</u>, 133 S. Ct. 2151 (2013) has no bearing on Lorenzo's sentence.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Lorenzo's convictions and sentence. This court requires that counsel inform Lorenzo, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Lorenzo requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Lorenzo.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED